UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DORIAN M. RODRIGUEZ-RAMOS,<br>        Plaintiff,<br><br>        v.<br><br>SOUTHCOAST HEALTH SYSTEM,<br>INC., and UNITED STATES of<br>AMERICA,<br>        Defendants. | No. 25-cv-10079-DLC |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS COMPLAINT**

CABELL, U.S.M.J.

**I. INTRODUCTION**

In this negligence action removed from state court, plaintiff Dorian M. Rodriguez-Ramos alleges that an X-ray technician employed by the defendant Southcoast Health System, Inc. ("Southcoast") roughly manipulated her while she underwent X-rays at a medical facility. Her complaint asserts a claim of negligence against Southcoast (Counts I and II)[1] as well as a claim of negligence against the United States. The United States moves pursuant to Fed. R. Civ. P. (Rule) 12(b)(1) to dismiss count III on the ground that the court lacks subject matter jurisdiction to

---

[1] Of no import here, count II asserts a claim of respondeat superior against Southcoast but a respondeat superior claim does not state an independent cause of action; rather, respondeat superior is a theory for holding an employer vicariously liable for the wrongful act of its employees. *See e.g., McCarty v. Verizon New England, Inc.*, 731 F. Supp. 2d 123, 133 n.7 (D. Mass. 2010).

hear the claim, and/or alternatively pursuant to Rule 12(b)(6) on the ground that it fails to state a viable claim for relief. (D. 8). The plaintiff has not opposed the motion. For the reasons discussed below, the court agrees that it lacks subject matter jurisdiction over the claim against the United States. The court therefore will dismiss Count III and remand the remainder of the case against Southcoast to state court.

## II.  LEGAL STANDARD

When a district court considers a Rule 12(b)(1) motion for lack of subject matter jurisdiction, it must credit the plaintiff's well-pled factual allegations in the complaint and "draw all reasonable inferences in the plaintiff's favor." *Andersen v. Vagaro, Inc.*, 57 F.4th 11, 13 (1st Cir. 2023) (citation omitted). It is also permissible to "consider evidence submitted by a defendant . . . ." *Strahan v. Roughead*, 910 F. Supp. 2d 358, 363–364 (D. Mass. 2012) (citing *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010)) (additional citation omitted). Where, as here, a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction. *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007); *Davis v. Massachusetts*, 779 F. Supp. 3d 92, 97 (D. Mass. 2025) ("[P]ursuant to Rule 12(b)(1), 'the party invoking the jurisdiction of a federal

court carries the burden of proving its existence.'") (quoting *Johansen*, 506 F.3d at 68).[2]

## III. RELEVANT BACKGROUND

The facts are straightforward.  On August 18, 2021, an X-ray technician took X-rays of the plaintiff's hip and pelvis at the Greater New Bedford Community Health Center, Inc. ("GNB").  The technician was employed by Southcoast.  During the procedure, he shoved the plaintiff on the X-ray table in a forceful manner whereupon she felt pain in her lower back and right shoulder.  The plaintiff began to scream and, a short time later, was taken by ambulance to a nearby hospital.  As a result of the technician's actions, the plaintiff required back surgery and physical therapy. (D. 1-3).

The plaintiff filed suit in the New Bedford Division of the District Court Department ("New Bedford District Court") on August 16, 2024.  (D. 1-3, p. 11) (D. 7-1, p. 1).  The United States represents, and the plaintiff does not dispute, that GNB has been "deemed" a "federal employee" under a provision of the Public Health Service Act ("PHSA"), 42 U.S.C. § 233(a).  (D. 1, ¶ 2) (D. 9, p. 5, n.7) (D. 9-1, ¶¶ 2-3); *see, e.g., Carlan v. Fenway Comty. Health Center, Inc.*, Civil Action No. 23-12361-MJJ, 2025 WL

---

[2] The United States also moves to dismiss the complaint Rule 12(b)(6) for failure to state a claim for relief.  Because the court resolves the motion solely on the basis of subject matter jurisdiction, it is not necessary to set out the legal standard applicable to Rule 12(b)(6).

1000478, at *3 (D. Mass. Mar. 28, 2025) ("Fenway is a federally qualified health center . . . receiving federal funding" and Secretary of Health and Human Services "deemed Fenway a Public Health Service employee under 42 U.S.C. § 233 . . . .").[3] The United States further represents, and the plaintiff does not dispute, that prior to filing suit, she did not file an administrative claim with the United States Department of Health and Human Services ("HHS") relating to the medical care she received at GNB. (D. 9-1).

GNB, as a federal entity, subsequently removed this action to federal court. The United States then substituted itself for GNB pursuant to 42 U.S.C. §§ 233(a), (c). As noted, the three-count complaint sets out a negligence claim against the United States in count III. The gravamen of count III is that GNB was negligent in failing to provide: (1) a safe environment for patients; (2) an interpreter to assist the plaintiff as a Spanish-speaking individual; and (3) safe X-ray services. (D. 1-3).

---

[3] "The deeming decision is highly consequential . . . ." *Cromer v. Dignity Health*, Case No. 2:24-cv-04731-WLH-SK, 2025 WL 1153808, at *5 (C.D. Cal. Apr. 18, 2025) (explaining at length the meaning of deemed) (citations omitted), *appeal filed*, No. 25-4154 (9th Cir. July 3, 2025). A deeming decision by the HHS Secretary allows "federally funded health centers," such as GNB, that provide health care to underserved communities to avoid purchasing "costly medical malpractice insurance." *Id*. (citations omitted). This is because "the United States is substituted as the defendant" for the deemed entity, and the malpractice action, if any, "proceeds against the government under" [the Federal Tort Claims Act], 28 U.S.C. §§ 1346, 2671-80." *Id*. (citation omitted).

4

## IV. DISCUSSION

The United States argues that the court lacks subject matter jurisdiction to hear Count III because the plaintiff failed before bringing the claim to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. The FTCA applies to an action against a public health service "employee," such as GNB. *See O'Brien v. United States*, 56 F.4th 139, 147 (1st Cir. 2022). As explained in *O'Brien*:

> [W]hen an action is commenced against a [public health service] employee in a state court, the PHSA mandates removal to the federal district court . . . . [42 U.S.C.] § 233(c). The United States is then substituted as the defendant, *and the case proceeds against the United States under the FTCA.*

*Id.* (emphasis added).

Relatedly, as pointed out by the United States, section 2401(b) sets out the applicable requirement that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Accordingly, the deadline for the plaintiff to present the negligence claim against the United States to the proper federal agency is "two years after [the] claim accrues." 28 U.S.C. § 2401(b) ("section 2401").

The accrual of a tort claim under the FTCA ordinarily occurs "at the time of the plaintiff's injury." *O'Brien v. United States*, No. 24-1844, 2025 WL 2621596, at *7 (1st Cir. Sept. 11, 2025)

5

(citations omitted). The United States maintains that the discovery rule does not delay the accrual of the claim under the FTCA, which therefore began on August 18, 2021. It is correct.

Under the "discovery rule, 'a cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that (1) [she] has suffered harm; (2) [her] harm was caused by the conduct of another; and (3) the defendant is the person who caused that harm.'" *Davalos v. Bay Watch, Inc.*, 240 N.E.3d 753, 757 (Mass. 2024) (citation omitted); *see, e.g., Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) (applying discovery rule to section 2401(b)). "The inquiry under the discovery rule is an objective one . . . ." *K.B. v. United States*, Civil Action No. 23-cv-12030-ADB, 2024 WL 2701969, at *4 (D. Mass. May 24, 2024) (citing *Dominguez v. United States*, 799 F.3d 151, 153 (1st Cir. 2015)).

Here, the plaintiff knew immediately that she was harmed where she began to scream and an ambulance took her to the hospital. She also knew that another person, the X-ray technician, caused the harm. (D. 1-3) (stating in complaint that, "[a]s a result of the technician's aggressive actions, the Plaintiff was caused to feel pain in her lower back and right shoulder, began to scream and her daughter entered into the X-ray room"). Lastly, she knew that Southcoast, a defendant, operated the X-ray department. (D. 1-3) (stating "[GNB] advised the Plaintiff that . . . the X-ray

6

department was operated by [Southcoast].").  Given that knowledge, a reasonable person would have discovered that Southcoast employed the X-ray technician.

Accordingly, under the FTCA, the negligence claim against the United States began to accrue at the time of the plaintiff's injury on August 18, 2021, and expired two years later on August 18, 2023.  During that time, the plaintiff did not file an administrative claim with HHS.

The failure to file an administrative claim deprives the court of subject matter jurisdiction.  Simply stated, the administrative "exhaustion requirement is a '"non-waivable jurisdictional requirement" limiting the suit to claims fairly made to the agency.'"  *Pereira v. DeJoy*, Civil Action No. 23-12133-RGS, 2024 WL 1676850, at *2 (D. Mass. Apr. 18, 2024) (quoting *Acosta v. U.S. Marshals Serv.*, 445 F.3d 509, 513 (1st Cir. 2006)) (additional citation omitted); *accord Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 18 (1st Cir. 1993) ("Failure to timely file an administrative claim with the appropriate federal agency results in dismissal of the plaintiff's claim, since the filing of an administrative claim is a non-waivable jurisdictional requirement.") (citations omitted); *Griffin v. FBIRA Boston, Inc.*, Civil Action No. 23-11954-FDS, 2024 WL 2330744 (D. Mass. May 22, 2024) ("Failure of a claimant to exhaust her administrative remedies is a non-waivable, jurisdictional bar to bringing suit in

federal court under the FTCA.") (citing *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 38 (1st Cir. 2006)) (additional citation omitted).

Per the foregoing, the plaintiff's failure to exhaust administrative remedies deprives this court of jurisdiction over the claim in count III against the United States, and the claim therefore must be dismissed. As to counts I and II brought against Southcoast, GNB removed this action from state court under 42 U.S.C. § 233(c). This same subsection "'expressly contemplates' the possibility of [a] remand and," more importantly, "*requires federal district courts to send cases back to state court if they determine that a remedy by suit against the United States is not available.*" *Id*. (emphasis added) (citation and internal quotation marks omitted). Accordingly, a remand to state court is required to resolve the claims against Southcoast.

## V.  CONCLUSION

For the foregoing reasons, the motion to dismiss the case against the United States (D. 8) is **ALLOWED**; the remainder of the action is **REMANDED** to the New Bedford Division of the District Court Department.

                                           ___/s/ Donald L. Cabell_____
                                           DONALD L. CABELL, Ch. U.S.M.J.

DATED:  September 18, 2025